BOWDRY BROWN *v.* CRYSTAL ICE COMPANY.

(*Knoxville.*    September Term, 1908.)

**COURT OF CIVIL APPEALS.** Has jurisdiction as to super-
sedeas of an interlocutory order for a mandatory injunction
granted in chancery, when; discharge of such supersedeas
improvidently granted in supreme court.

The court of civil appeals, and not the supreme court, has juris-
diction of an application for the *supersedeas* of an interlocu-
tory order made by an *ex parte* fiat, on a bill praying there-
for, directing the issuance of a mandatory injunction in the
suit of a stockholder in the defendant corporation to compel
the officers and agents thereof to permit him to examine its
books; and where one of the judges of the supreme court,
upon application made to him, has improvidently ordered a
*supersedeas*, a motion made before the supreme court to dis-
charge such *supersedeas* will be granted. The case does not
involve any special amount of property, but simply a right as-
serted by complainant. All appellate jurisdiction in chancery
suits, except certain cases, is in the court of civil appeals; and
this case clearly does not fall within any of the excepted cases,
nor do *habeas corpus* cases instituted in the chancery court.

Acts cited and construed:   Acts 1907, ch. 82, sec. 7.

FROM HAMILTON.

Motion to discharge a *supersedeas* ordered by one of
the judges of the Supreme Court in a suit in the Chan-
cery Court of Hamilton County.—T. M. McCONNELL,
Chancellor.

PRITCHARD & SIZER, for complainant.

R. B. COOKE, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

On the first of June, 1908, Bowdry Brown filed a bill against the defendant company, in which he alleged, in substance, that he was the owner of certain shares of stock in the defendant corporation, and that he had made application to the officers of the company for permission to examine the books of the company, with a view to finding out the facts about the business of the organization, for the purpose of enlightening himself as to the value of his stock; that a colorable permission had been given him, but that, when he attempted to really make use of it by taking some notes of the matters he observed upon the books of the company, the books were forcibly taken from him, and he was not permitted to examine them further. The bill prayed for a mandatory injunction to be issued against the officers and agents of the company, requiring them to permit him to make such examination. The chancellor by a fiat on the bill directed the mandatory injunction to issue. This order was made *ex parte* on the 29th day of May before the actual filing of the bill. On the 1st day of June, 1908, the day on which the bill was filed, a petition was presented to the chancellor, reciting the issuance of the injunction under the fiat of the chancellor, its service on J. H. Wilson, secretary and treasurer of the defendant company, and that the said Wilson had disregarded the fiat and refused to

121 Tenn—5

allow petitioner to have access to the books, and had informed petitioner that he could not see them. The petition prayed that the said Wilson be committed for contempt, and that attachment might issue, to the end that he be brought before the chancellor for this purpose; that is, to answer for the contempt. The attachment was ordered, and was issued on the said 1st day of June, 1908.

Thereupon the Crystal Ice Company notified the complainant that on the 3d day of June it would apply to one of the judges of this court for a *supersedeas* of the interlocutory order granted on the 29th of May above referred to, directing by an *ex parte* order the issuance of the mandatory injunction.

A petition was accordingly filed and was presented to one of the judges of this court, and a *supersedeas* was ordered.

The ground stated in the petition was, in substance, that the mandatory injunction was in the nature of final relief, and could not be granted at the beginning of the suit by an *ex parte* order.

The complainant has appeared in this court and moved to dismiss the *supersedeas* because it was improvidently granted.

The ground of the application to discharge the *supersedeas* is that this court has no jurisdiction, but that the jurisdiction of the matter is with the court of civil appeals.

The decision of this question involves a construction of section 7, c. 82, p. 233, Acts 1907, which fixes the jurisdiction of the court of civil appeals.

Section 7 of the act referred to reads as follows:

"That the jurisdiction of said court of civil appeals shall be appellate only, and shall extend to all cases brought up from courts of equity or chancery courts, except cases in which the amount involved, exclusive of costs, exceeds $1,000, and except cases involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue and ejectment suits, and to all civil cases tried in the circuit and common-law courts of the State in which appeals in the nature of writs of error, or writs of error may be applied for, for the purpose of having the action of said trial court reviewed. In all cases in which appellate jurisdiction is herein conferred upon said court of civil appeals, the appeals, and appeals in the nature of writs of error, from the lower court shall be taken directly to said court of civil appeals; and said court, or any judge thereof, is hereby given the same power to award and issue writs of error, *certiorari* and *supersedeas,* which the supreme court has heretofore had in such cases, returnable to said court of civil appeals. The practice in such cases in said court shall be the same as is now prescribed by law for the supreme court. In all cases in which appellate jurisdiction is not conferred by the terms of this act upon said court of civil appeals, appeals therefrom shall be direct to the supreme court,

and in such cases, writs of error, *certiorari* and *supersedeas* shall be issued by, and made to the supreme court, as is now provided by law; and in such cases the supreme court shall have exclusive jurisdiction, and shall try and finally determine the same, and shall not, after this act takes effect, assign the same for trial by the said court of civil appeals."

We think that under a true construction of this section the present case is not within the jurisdiction of this court, but in that of the court of civil appeals. It does not involve any special amount of property—simply a right asserted by the complainant. It does not involve the constitutionality of any statute of the State, nor a contested election for office, nor does it involve State revenue, nor is it an ejectment suit. It is observed that under the terms of the section jurisdiction is given to the court of civil appeals of all chancery causes, except those involved in the four classes mentioned, and except those in which the amount involved, exclusive of costs, exceeds $1,000. As an illustration of the soundness of this construction it may be stated that we have held that *habeas corpus* cases instituted in the chancery court go before the court of civil appeals when brought up for review.

We are of opinion, therefore, that the motion to discharge the *supersedeas* should be granted.

Let an order be entered accordingly. The petition will also be dismissed.